UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EKUGBERE "DAVID" BAZUNU, Individually and on Behalf of All Others Similarly Situated,<br><br>   Plaintiff,<br><br>V.<br><br>BAY AREA REGIONAL MEDICAL CENTER, LLC<br><br>   Defendant. | CIVIL ACTION NO. 4:17-cv-02391<br><br>JURY TRIAL DEMANDED |

PLAINTIFF'S OPPOSED EMERGENCY MOTION
FOR LEAVE TO AMEND COMPLAINT [1]

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiff moves the Court for leave to amend his Complaint and file his First Amended Collective and Class Action Complaint attached hereto as Exhibit A. Plaintiff seeks to amend the complaint to add: (a) three Defendants (two individuals and one business entity), and (b) claims for violation of the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101, et seq. on behalf of Betty Cooper and Christine Champagne,[2] whom Plaintiff also seeks to add to the case caption as named Plaintiffs. In support of this motion, Plaintiff shows the Court the following:

---

[1] Because Defendant has indicated that it will be filing for bankruptcy at any moment, Plaintiff has filed this motion as an emergency motion to seek remedy prior to an automatic stay.

[2] Betty Cooper and Christine Champagne are FLSA opt-in Plaintiffs in this case. Their consents to join were filed on 12/18/17 and 2/8/18, respectively. *See* ECF No. 20-1 & ECF No. 34-1, respectively.

## I. BACKGROUND.

On August 4, 2017, Plaintiff, individually and on behalf of all others similarly situated, filed his Original Complaint alleging violations of the Fair Labor Standards Act ("FLSA") and state common law claims for unpaid wages. (ECF No. 1.) Defendant filed its Answer on September 6, 2017. (ECF No. 6.) The parties stipulated to conditional certification of an FLSA class, which the Court approved on November 17, 2017. (ECF No. 19.) The court-approved notice was mailed on December 11, 2017. The opt-in period ended on February 9, 2018. A total of thirty-nine individuals have joined this case including the named Plaintiff.

On or about May 4, 2018, employees at Defendant's hospital facility were notified of their immediate termination effective 5:00 p.m. that day.[3] Defendant terminated hundreds of its employees, constituting the entirety of its workforce. Defendant has now closed its medical facility. This mass termination qualifies as a plant closing and/or mass layoff under the WARN Act. *See* 29 U.S.C. §§ 2101(a)(2) & (3). However, employees at Defendant's facility, including Betty Cooper and Christine Champagne who were currently employed at the time of the mass termination, did not receive the 60-day notice required by the WARN Act. *See* 29 U.S.C. § 2102(b).

The very next day on May 5, 2018, Plaintiff's counsel contacted Defense counsel to inquire about the mass termination. Plaintiff's counsel was notified that Defendant is in the process of filing for bankruptcy and will do so in the near future. Plaintiff now seeks to add Stephen K. Jones, Jr. ("Jones, Jr.") as an individual defendant in the FLSA case. Plaintiff also seeks to add Medistar

---

[3]   http://abc13.com/business/bay-area-regional-staff-stunned-by-hospitals-abrupt-closure/3428663/

SLN GP LLC ("Medistar") and Monzer Hourani ("Hourani") as Defendants to Ms. Cooper's and Ms. Champagne's WARN Act case. Defendant opposes this motion.

## II. LEGAL AUTHORITY & ARGUMENT.

This is Plaintiff's first request for leave to amend his complaint. Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." *See Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981) ("Discretion may be a misleading term, for Rule 15(a) severely restricts the judge's freedom directing that leave to amend shall be freely granted when justice so requires.").

### A. GOOD CAUSE EXISTS TO ADD STEPHEN K. JONES AS AN INDIVIDUAL DEFENDANT TO THE FLSA CASE.

Mr. Stephen K. Jones, Jr. was Plaintiff's employer and/or joint employer, as defined by 29 U.S.C. § 203(d) and 29 C.F.R. § 791.2, and has joint and several liability under the FLSA for his role as the same. Specifically, and upon information and belief, Mr. Jones, Jr., a corporate officer of Defendant, dictated the practice goals and what pressing or tactical items needed to be done in order to meet the goals of Defendant's Webster, Texas medical facility. Further, Mr. Jones, Jr. managed key internal relationships to Defendant's medical facility; directed the financials of Defendant; and controlled the pay rates of Plaintiffs who directly or indirectly reported to Mr. Jones, Jr. Moreover, Mr. Jones, Jr. had the power to hire and fire Plaintiffs; supervised and controlled Plaintiffs' work schedules and conditions of their employment; determined their pay rate and method of payment; and, maintained their employment records. Indeed, as a corporate officer, Mr. Jones, Jr. controlled the purse strings of the company and had a duty to ensure FLSA compliance, and is therefore a statutory employer under the FLSA. *See e.g., Hernandez v. Larry Miller Roofing, Inc.*, 628 Fed. App'x 281, 283-84 (5th Cir. 2016); *Donovan v. Grim Hotel Co.*,

747 F.2d 966, 972 (5th Cir. 1984). For example, it was Mr. Jones, Jr. (and his predecessor Mr. Tim Schmidt), who integrated and maintained the use of Spectralink Pivot software and devices that allowed Defendant's employees to communicate and report at all times including during unpaid meal breaks resulting in the FLSA violation alleged in this case. As a result, Defendant and Mr. Jones, Jr. are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

Plaintiff only became aware of the need to add Mr. Jones, Jr. after Defense counsel represented that Defendant did not have the financial resources available to make the class whole and that a bankruptcy was imminent. Therefore, Plaintiff has good cause to amend his complaint to add Mr. Jones, Jr. because: (1) Plaintiff was unaware of Defendant's alleged insolvency until recently, and (2) adding Mr. Jones, Jr. is very likely the only way Plaintiffs can be made whole. *See Self v. Quinn's Rental Serv. (USA), LLC*, 2016 WL 6835093, at *2 (S.D. Tex. Nov. 21, 2016) (Rosenthal, J.) (denying a merits based analysis concerning individual liability and granting leave to amend to add an individual FLSA defendant because that was the only way for the plaintiffs to collect damages).

Further, there is no prejudice in allowing Plaintiff to amend his complaint to add Mr. Jones, Jr. because neither side has engaged in any significant discovery at this time.[4] And, it is not Defendant who will need time to conduct discovery on their individual managers—it is Plaintiff who needs to conduct that discovery. To that end, counsel for the parties have agreed to stay

---

[4] The parties exchanged pay and time records to facilitate settlement discussions. No other formal written discovery or depositions have taken place at this time.

4

discovery pending a ruling on this motion and have further discussed modifying the scheduling order, if necessary. Most importantly, Plaintiff and Class Members would suffer great prejudice if they were not allowed to add Mr. Jones, Jr. since this is their only chance at recovering what is owed to them. For that purpose, Plaintiff seeks to add the individual defendant to this case to save judicial resources and avoid the necessity of filing a new lawsuit against Mr. Jones, Jr. This will also save both parties time and attorneys' fees.

### B. GOOD CAUSE EXISTS TO ADD MS. COOPER'S & MS. CHAMPAGNE'S WARN ACT CLAIMS NAMING MEDISTAR AND HOURANI AS DEFENDANTS.

As discussed, Defendant is liable to Plaintiffs Betty Cooper and Christine Champagne under the WARN Act for the failure to provide them with the requisite statutory notice prior to a mass layoff and/or plant closing which took place on or about May 4, 2018. Plaintiff seeks to add Medistar and Hourani as Defendants to Ms. Cooper's and Ms. Champagne's WARN Act case. Plaintiff also seeks to add Ms. Cooper and Ms. Champagne to the case caption as a named plaintiffs.

Upon information and belief, Medistar operated the Bay Area Regional Medical Center in Webster, Texas. Hourani is the director and manager of Medistar. Furthermore, upon information and belief, Hourani owns 100% of Medistar through subsidiary corporations. Hourani frequently visited Defendant's medical facility, was significantly involved in its operations, and operated Defendant's Webster, Texas facility with Medistar as a single corporate entity and comingled funds with his own funds. As such, Medistar and Hourani are liable to Plaintiffs Cooper and Champagne for WARN Act violations.

Adding Plaintiffs' WARN Act claims to this employment case is the most judicially efficient way to proceed. *See e.g.*, *Nolan v. Reliant Equity Investors, LLC*, 2009 WL 2461008 (N.D. W. Va. Aug. 10, 2009) (certifying a hybrid WARN Act Rule 23 class and a 216(b) FLSA

class). As discussed herein, adding the WARN Act claim will not prejudice Defendant because neither side has engaged in any significant discovery at this time. Furthermore, there is significant overlap between the discovery to be conducted in the FLSA and WARN Act cases (i.e., pay and time records, and the parties to be deposed), so litigating the claims together, as opposed to two separate lawsuits, makes the most sense. Finally, jurisdiction lies with this Court as it has federal question jurisdiction over both the FLSA and WARN Act cases.

WHEREFORE, because Plaintiff has made a clear showing of good cause, he asks this Court to allow him to amend his complaint under the liberal standard set by Federal Rule of Civil Procedure 15(a). Under Rule 15(a), if the district court lacks a substantial reason to deny leave, it should grant leave to amend. *Lone Star Ladies Invest. Club v. Schlotzky's Inc.*, 238 F.3d 363, 367 (5th Cir. 2001) (denying leave to amend absent articulable reason is an abuse of discretion). Here, for the reasons discussed herein, there is no reason to deny leave to amend. Plaintiff respectfully requests that the Court grant leave to amend and file the First Amended Complaint attached hereto as Exhibit A.

        Respectfully submitted,

        SHELLIST | LAZARZ | SLOBIN LLP

    By: */s/ Todd Slobin*
        Todd Slobin
        Texas Bar No. 24002953
        tslobin@eeoc.net
        Ricardo J. Prieto
        Texas Bar No. 24062947
        rprieto@eeoc.net
        11 Greenway Plaza, Suite 1515
        Houston, Texas 77046
        Telephone: (713) 621-2277
        Facsimile: (713) 621-0993

       & 

KENNEDY HODGES, LLP

By: */s/ Galvin B. Kennedy*
Galvin B. Kennedy
gkennedy@kennedyhodges.com
Texas Bar No. 00796870
Federal ID No. 20791
4409 Montrose Blvd. Suite 200
Houston, Texas 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

ATTORNEYS FOR PLAINTIFF
& CLASS MEMBERS

## CERTIFICATE OF CONFERENCE

I certify that I conferred in good faith with opposing counsel concerning this motion and defense counsel is opposed to the relief requested.

*/s/ Ricardo J. Prieto*
Ricardo J. Prieto

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served in accordance with the Federal Rules of Civil Procedure on May 30, 2018 to all counsel of record.

*/s/ Ricardo J. Prieto*
Ricardo J. Prieto